Good afternoon, Your Honors. May it please the Court, Jason F. Carr appearing on behalf of Appellant Christopher Blandon. A district court's discretion in a sentencing for violations of the terms of supervised release is circumscribed. 3583, the statutory provisions that govern the imposition and revocation of a term of supervised release, specifically prescribe the factors that a court may rely upon when fashioning a revocation sentence by reason of negative implication this Court has so held. Those factors that aren't specifically included are excluded. Was there any indication here the Court relied upon one of the excluded factors? There is no, and our case suffers from that infirmity that was not present in McBell, there is no direct pronouncement from the Court of reliance on an excluded factor that I would concede. Alternatively, what the record does not demonstrate is the reliance, or at least any specific reliance on any permissible factors. And hence, the gravamen of our assignment of error is that it is impossible, it is not possible for this Court to divine whether the District Court did rely on any permissible factors because the Court didn't follow the statutory mandate that the Court specify with specificity the factors that the Court is relying upon. And the 3553C2 requirement of specificity specifically applies in a case where the Court goes outside of the Chapter 7 advisory guideline sentence. And it's all the more relevant in this matter because one of the permissible factors, indeed a factor the Court is required to at least consider under 3553A4 is the advisory guideline range. In this case, the Court, the only mention of the advisory guideline range the Court makes at all is an acknowledgement that it exists, which is on ER 75. The Court states that the advisory guideline provisions are 6 to 12 months. At no time in this record does the Court specify explicitly, which is required, why a sentence within the 6 to 12 month range is inadequate to meet the permissible grounds of sentencing. And that is what our assignment of error is today. And just as a segue to address the government's argument that this assignment of error is not preserved, the government wants to distill our argument down to one fine point, which is that we didn't object to the Court's lack of explicit pronouncement of the brief basis for sentencing. But that's not what our assignment of error is. Our assignment of error is that the Court may have relied upon an impermissible ground, and we cannot tell that, this Court cannot tell that on appellate review because of the Court's failure to follow the specifications of 3553C2. And that error is preserved. Is it essential to your position that the guideline maximum is 12 months? That's a great question, Your Honor, an interesting question. Do I ask it? Of course. The complication underlying this case, undergirding our analysis here, is that there are three terms of supervised release pronounced and three different judgments of conviction that were handled in a consolidated revocation proceeding. There are different guideline ranges that are attendant to each of the three cases. There are two that appear to be eight to 14-month advisory guideline ranges and one that would be the six to 12 that the Court relied upon. The government wants to argue, well, there is no requirement here that the Court follow the mandates of 3553C2 because what the Court could have done is stack up advisory guideline sentences to reach the 36-month sentence that was actually imposed. And in Jackson, we sanctioned that, didn't we? That can be done, Your Honor. It can be done if the Court had so determined that it was appropriate in its discretion. The problem with the government's analysis is that at no time does the Court articulate these different sentencing guideline ranges, and in no time, and this is particularly important, does the Court specify that I'm going to impose consecutive sentences, guideline sentences, to group up to the 36 months. 3584, the statutory provision that governs the imposition of consecutive or concurrent sentences, gives rise to a presumption that all sentences are concurrent unless the Court explicitly states otherwise. So, in other words, if the Court did here impose a guideline sentence for each term, they would be held to run concurrent unless the Court specified that they were to run consecutive. And, once again, there's no indication in this record that the Court was so inclined or, in fact, did pronounce such a sentence. He just did pronounce a global sentence of 36 months, which is a tripling approximately of all three applicable sentencing guideline ranges. Jackson permits that stacking even if the underlying sentences were concurrent, right? Yes. The only requirement in the revocation of supervised release as far as running a consecutive or concurrent is that the sentences were imposed in separate, the underlying criminal conviction judgments were imposed in separate proceedings. So, yes, the Court had the authority in this matter, if the Court so chose, to impose consecutive sentences for all three terms, but there's very little indication in this record that that, in fact, occurred. And the fact that the Court didn't explicitly state that means that it could not have happened because the statute requires that it be explicit. If we read the District Court's opinion as basing this conclusion on, one, public safety, and, two, the fact that he needed some time to gain proper rehabilitation, are those permissible factors? They could be, Your Honor, permissible factors if the Court specifically enumerated those as the basis for going outside the guideline range. The first thing I would note, though, is on ER page 70, the Court seems to explicitly be saying that there is no need for further rehabilitation of Mr. Blandon, that what you need is not any more instruction. So the Court seems to be explicitly, and that's a problem with this matter. That's a long colloquy. Unlike NGVILLE, this is a long colloquy. It is. And he keeps saying you're out of control, you've been using drugs, you are a danger to yourself and others. And it goes on for pages and pages. It quotes Sir Edmund Burke. Among others. Among other things. And then at the end he pronounced a sentence. And when you read all of this, although I credit your point that he didn't make specific findings, it seems as though he's saying you've got a danger to society because you can't control yourself and then you have to go in and think about things. I'm going to give you some time to think about things. Are those impermissible, if that's right? Your Honor, those are not impermissible grounds, but what you just said feeds directly into my error. It seems as though that is what he's saying. And that is a fatal defect in this matter. And the government does. Is there anything that gives us the suggestion that it's an impermissible factor? I've struggled with the same thing. And to be honest, as I read through here, it may not be quite as clean and sharp as we'd like, but it's not that hard to figure out what he had in mind and what was driving this decision. And if there's no suggestion that it's an impermissible factor, is there anything to be accomplished simply to send it back for a different articulation? There is perhaps some way. There could be a procedural and a cognitive thought process goal in sending it back that the district court, if the court was forced to explicitly enumerate the factors, perhaps that could have some bearing on the ultimate sentence imposed. Perhaps you're right that the court – We're not dealing with a novice in sentencing here. No, not at all. A very esteemed jurist. And I take no umbrage with – I think the court did – what the court did was give a very impassioned and meaningful colloquy to the client. The problem here is that there is an explicit statutory mandate that the court be explicit and explicitly tie the factors into the reason why the sentencing guideline range is not appropriate. And that statutory mandate was just not met in this case. But as far as perhaps if the case is remanded, the court will impose the same sentence, that is a possibility. But it is also a possibility that perhaps the court will mitigate the sentence when applying explicitly the proper statutory factors. And we submit that under the law we are entitled to that chance. And I would like to reserve the rest of my time for rebuttal with the court's permission. Certainly. We'll hear from the government at this time. Ms. Brown? Good morning, Your Honors. I am Christina Brown from the District of Nevada on behalf of the government. Your Honors, what the defendant is inviting this court to do is to direct the district court to engage in a dialogue of what would ultimately be form over substance, to sacrifice a meaningful exchange, a dialogue with the defendant as the defendant concedes that Judge George in this case certainly did over ten transcribed pages of a conversation. I don't think really that's the thrust of it. All he has to say at the end is I make the following findings. Why is that so difficult? I mean, the problem for us on appellate review is when we get a long record like this and we have to try to read the tea leaves, I mean, you can say this seems like a permissible factor. But what seems like is not a finding. Why is it so difficult? I think, again, that the point I was trying to make and the point that some of the cases, some of the precedent says is that the court is not required to go down a checklist that's neither sufficient nor is it required. Instead, the court is required to provide specific reasons why it is imposing the sentence that it is imposing. The dialogue that the court engaged in was well after the defendant, through counsel, had stated 12 months was a reasonable and adequate sentence to advance the objectives of 3553. The court then went on for ten pages to explain all of the numerous specific reasons why it disagreed with that and thought 36 months was more appropriate. But the defendant doesn't like the manner in which that was articulated, but it doesn't negate the fact that specific reasons were stated. How are we to know from this record whether 24 months might have been more appropriate or not? There's no reason given why 36 ever. You just said you can't control yourself and at the end it gets 36. Well, I would respectfully disagree that it really can be distilled down just to that. But in any case, I don't believe... It would be the same record justified 24. Not to this particular judge. It would not to another judge, might it? No, no, on appellate review. If the bottom line, if it was 24 months and we read this cold, it would support 24 months or 22 months or 20 months or 15 months. So how does it justify 36 months? I don't believe that the court specifically... Certainly the court did not say, I am going to sentence you to 36 months, and 36 months alone will do for these particular reasons. I would certainly concede the court didn't engage in that kind of dialogue, but on the other hand, none of the case law requires the court to abide by some sort of script or particular format as the defendant would suggest. I think the defendant rather disingenuously ignores all of the reasons that the court in fact did state. The court covered every single permissible reason and there is absolutely no record whatsoever that the court considered any of the impermissible reasons. There was a long exchange, I believe it was over three pages in the transcript, where defense counsel brought the McDowell court case to the court's attention. It was discussed. There was absolutely no disagreement among any of the parties or the court that those factors would not be considered. The court never talked about those factors. Instead, the court talked about protection of the public, the need for deterrence, the history and character of this defendant, the fact that his criminal record spanned 40 years. He had some 14 prior bank robbery convictions. The first time while he was awaiting release on the bank robbery, he wasn't even on supervised release before he escaped from the halfway house. He was convicted of escape. He was out less than two months, sent back to the halfway house for using crack cocaine with prostitutes and all the other violations of which this court is aware. When he climbed over the facility wall again and escaped. I would defy the defendant to articulate to this court why 36 months in light of this record that Judge George had before him was unreasonable, which ultimately is what the question is. Was this a reasonable sentence or not? Judge George, in fact, went back to the pre-sentence investigation report that was prepared in 1990 and went over that with the defendant and said, you have acknowledged that you are a dope fiend, to quote unquote, that you commit robberies, violent crimes when you cannot control your drug addiction. And that was the case in 1990 and that is the case today. But it's all rhetoric. That's the problem. And the problem for us, and I don't disagree with anything you're saying in substance, but when we're analyzing sentencing cases, we have a lot of cases where district courts engage in colloquy for a whole variety of reasons. Sometimes, and I don't know if this happens in Nevada, but sometimes the defense counsel thinks, Judge, my client needs a good talking to. Would you give a very strong talk? And so this occurs. And then later we're supposed to draw significance from that one way or the other. When really at the end we're looking at the statutory factors and whether there's a finding on the statutory factors, sure, it's mechanical. That's what the statute is. There may be enough here, but it certainly would make our job easier if, and it's not difficult, as you suggest, at the end of the colloquy or the rhetoric, the speech, to say I make the following findings, A, B, C. In a perfect world, Your Honor, I would agree with you, and I wish I had that record. But I think that this court can focus on one thing that the court found adequate. I believe it was in the Musa case where the court said, I've got to think about protection of the public. And this, again, was after reciting all of these difficulties that the defendant had had for all of these years. I've got to think about protection of the public. And he then sentenced the defendant to 36 months after having been requested to stay within the, arguably, the 12-month range, whether that is or isn't the range is another issue, of course. But that was clearly in the court's mind. That was the guideline range the court was applying. And the court, for all of the reasons that it stated, although not in the form the defendant would like them to be or perhaps, again, in a perfect world, this court would make it simple for this court to review, the court did say, I've got to think about protection of the public. And the record that the court had to rely on certainly supports the court's conclusion and the reasonableness of the sentence ultimately imposed. Did the government ask for 36 months? We did, Your Honor. We did. The probation officer recommended 36 months, didn't it? The probation officer did. And just as a side note, when the court looks at the reasonableness of the sentence, I don't think that it's completely insignificant that ultimately the defendant had the benefit of all these cases being resolved in front of Judge George. That certainly gave the defendant the opportunity for one judge to look at the entirety of the record. And perhaps give him a break on that. But had these cases been decided separately by the three different judges, he could have gotten seven years. There would have been no prohibition against that having been the ultimate result. But instead, by virtue of Judge George hearing this case, he got the 36 months. So, again, I believe that goes to the reasonableness. I think we understand your argument. Thank you for coming down today. Rebuttal? The government illustrates the need for the court to expressly state the factors it's relying upon because the danger of delving into impermissible factors has just been starkly illustrated by the government, which couldn't resist getting into the nature of Blandon's offenses and the seriousness of his offenses. And that is an explicitly prohibited factor. So even the government, with the knowledge of the factor and reviewing the case law, knowing exactly what they can argue and what they can't argue, gets up here and talks about Blandon's criminal history and the seriousness of his offense and argues to the court, this court, an impermissible factor. Is the fact of repeated problems impermissible? We're not supposed to go back to the prior offenses themselves, but the fact of offenses time after time after time is really what Judge George seems to be talking about, that the defendant hasn't gotten control of himself. That would be permissible. That it would be permissible if the court specifically tied that into a need to protect the public or to afford adequate deterrence. The court never mentioned the word deterrence, and I'll just note this because my time is up, seven seconds. There are three mentions in the record that could arguably tie into permissible factors by the court during its pronouncement of the sentence on ER 69, 71, and 74. The court briefly, passingly notes breach of trust and to be concerned about society in general. Do you think you have to protect society? He says, I need to be concerned about society in general. He does say that, I believe, on page 71. But the problem is he states it in passing. He says it in passing without explicitly tying it in to the proper 3553A factor. Thank you for your time. Thank you both for your argument. Interesting case. It will be submitted for decision, and we'll proceed to the next case on the argument calendar, which is
judges: Hawkins, Thomas, Clifton